Battle, J.
 

 An executor or administrator who parts with all the assets of his testator or intestate by the payment of legacies, or by a distribution among the next of kin, without taking refunding bonds, and afterwards is compelled to pay an outstanding debt out of his own funds, is not entitled, as a matter of course, to relief in Equity. It is his duty to keep regular accounts, and to retain the assets, or at least a sufficiency of them, in his hands, until all the known or apprehend
 
 *15
 
 ed debts are paid, and, even then, to take from the legatees, or next of kin, to whom be delivers over the residue of the assets, refunding bonds, for the benefit of such creditors as may still have valid claims against the estate. Rev. Code, ch. 46, sec. 24. To give relief to persons who have failed to perform their duty in these respects, .would.be to encourage such neglect, and to beget carelessness in the management of dead men’s estates.
 
 Alexander
 
 v. Fox, 2 Jones’ Eq. Rep. 106. But there are cases which form an exception to the general rule, and which, from their peculiar circumstances, will entitle the executor or administrator to call upon the legatees, or next of kin, by a suit in this Court, to refund. If debts be after-wards made to appear, or liabilities to exist, of which he had no notice, and could not have had any reasonable expectation, when he parted with the assets, or, if. without any fault on his part, the assets retained for the payment of debts have been lost or destroyed, these matters, arising subsequently to his settlement with the legatees or next of kin, may entitle him to this relief.
 
 Marsh
 
 v.
 
 Scarboro,
 
 2 Dev. Eq. Rep. 551.
 

 The present case falls manifestly within the principle of one of the exceptions. The plaintiffs’ intestate was compelled by a judgment, to settle with, and pay over to, the next of kin of his intestate, Abram Williams, all the assets'in his hands. A sirit was instituted about this time in another State, against the vendee of his intestate, for a part of a tract of land, which the latter had sold, and a recovery was had therein two or three years afterwards. The vendee then sued the administrator in this State, upon- a promise made by his intestate, that if the vendee would defend the suit in South Carolina, he would pay all the costs and charges to which he might be subj ected on account thereof. This latter suit was suffered to go by default, and, upon an enquiry of damages, the plaintiff therein recovered the amount which the administrator paid, and his representatives now seek to recover from the next of kin by the present suit. In the deed from the intestate, Williams, there was a covenant of quiet enjoyment, upon which his administrator was undoubtedly liable, and as
 
 *16
 
 it does not appear, from tbe proofs, that he had notice of that liability at the time when he settled with the next of kin, or rather at the time when he had an opportunity to defend their suit against him, he has a clear equity to have a decree for the amount recovered against his intestate’s vendee in South Car-, olina.
 

 But in the suit against the administrator in this State, which he permitted to go by default, by omitting to plead to it, a much greater sum was recovered against him. That recovery is alleged by the defendants in their answer, to have been collusive, but they have not furnished us with any sufficient proof of it. The judgment against the admistrator, however, is not evidence against them, except as to its amount, because they were not parties to the suit. The burden of the proof, then, is upon his representatives, to show that the recovery was proper. This they have not done by the proofs now on file, except as to the amount recovered against the vendee in South Carolina. There is, indeed, some testimony tending to show, that the intestate, "Williams, had made a parol engagement to be responsible for something more than what he was liable for on his covenant of quiet enjoyment. We are
 
 not
 
 satisfied, however, from that testimony, that the damages recovered of the administrator, were just and proper, and his not pleading to the action, creates some suspicion against him. Under these circumstances, we think-a further enquiry ought to be made by a commissioner of this. Court, to ascertain, as nearly as he can, what is the true amount for which the plaintiffs’ intestate was liable, as the administrator of Williams, upon the contract made by Williams with his vendee, relative to the defense of the suit in South Carolina. An order may be drawn for that purpose; and' the cause will be retained for further directions upon the coming in of the report of the commissioner.
 

 Pee Cueiam. Décree accordingly.